UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARIA A. SNOW | CIVIL ACTION |
| VERSUS | NO. 15-02375 |
| CRACKER BARREL OLD COUNTRY STORE, INC. | SECTION "N" |

## ORDER & REASONS

Now before the Court is Defendant's, Cracker Barrel Old Country Store, Inc. ("CBOCS"), Rule 12(b)(6) Motion to Dismiss (Rec. Doc. 4). Plaintiff, Maria A. Snow ("Snow"), who is not presently represented by an attorney, did not file an opposition to the motion. Now, having reviewed the Defendant's submissions, the applicable law, and the record, the Court issues this Order and Reasons.

**I. Background**

Plaintiff, Maria A. Snow, alleges that she was employed by Defendant, CBOCS, from June 7, 2012 until November 24, 2014, at which time her employment was terminated. (*See* Rec. Doc. 1 at p. 1). Believing that she was wrongfully terminated due to her age, Snow filed a Charge of Discrimination against CBOCS with the Louisiana Commission on Human Rights, which issued a Dismissal and Notice of Rights on March 31, 2015. (Rec. Doc. 1-1 at p. 1). Pursuant to her rights, Snow requested a review of this decision by the U.S. Equal Employment Opportunity Commission (the "EEOC"), which subsequently issued a similar Dismissal and Notice of Rights, dated April 30, 2015. (Rec. Doc. 1-1 at p. 5). Two months later, on June 30, 2015, Snow filed a complaint in this Court, pressing claims under "applicable state and federal law including but not limited to LSA 23:301 et seq. and the Age Discrimination [in] Employment Act." (Rec. Doc. 1 at p. 3). By Rule

12(b)(6) motion, CBOCS now moves the court to dismiss as prescribed the claims asserted against it under the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301, *et seq.*, and all other unspecified claims brought by Snow for failure to plead a claim upon which relief can be granted. *(See* Rec. Doc. 4 at p. 1).[1]

## II. Law and Analysis

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, the statement must provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 511, 122 S. Ct. 992, 998 (2002) (internal citations omitted); *see also Christopher v. Harbury*, 536 U.S. 403, 416, 122 S. Ct. 2179, 2187 (2002) (the elements of the plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

To survive an attack by a Rule12(b)(6) motion to dismiss, a complaint must contain enough facts to make a claim for relief "plausible on its face." *Aschcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d. 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). This plausibility standard is satisfied if the Court can draw, from pleaded facts, "the reasonable inference that defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. This requires the plaintiff to offer more than mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *See Twombly*, 550 U.S. at 545. Thus, a complaint devoid of factual support will necessarily fall short of pleading

---

[1]CBOCS does not appear to challenge claims brought by Snow under the Age Discrimination in Employment Act ("AEDA"). As a result, this Order and Reasons does not address any ADEA claim.

standards. *See Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937. All well-pleaded facts, on the other hand, are to be accepted by the court as true and viewed "in the light most favorable to the non-moving party." *In re Southern Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir.2008).

**A. Dismissal of LEDL Claims as Prescribed**

CBOCS moves the court to dismiss with prejudice Snow's claims brought under the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:303 *et seq.*, on the basis that any such claim is time-barred. (Rec. Doc. 4-1 at p. 3). Indeed, prescription is a proper reason for granting a Rule 12(b)(6) motion to dismiss; and, beginning on the date he is informed of the adverse employment action, a plaintiff has one year to bring his claim under the LEDL. *See Nabors v. Metro Life Ins. Co.*, CIV.A. No 12-827, 2012 WL 2457694, at *2 (W.D.La. May 30, 2012) (citing La. R.S. 23:303(D)). This one-year prescription period for LEDL claims tolls for up to six months during any administrative review or investigation conducted by the federal Equal Employment Opportunity Commission or Louisiana Commission on Human Rights. *Nabors*, 2012 WL 2457694, at *3. In application, this rule requires a plaintiff to bring his LEDL claim within a maximum of eighteen months from the day he learns of the conduct creating his grievance. *See id.*

In the present case, there exists a discrepancy between the parties as to the date of Snow's termination. (*See* Rec. Doc. 4-1 at p. 1-2). At this juncture in the proceedings, however, the Court must accept as true the termination date alleged in the complaint, which would mean that Snow timely filed her LEDL claims within the one-year prescription period. Consequently, the Court finds that dismissal of the LEDL claims on prescription grounds is inappropriate.

**B. Dismissal of Generic Claims for Failure to Satisfy Pleading Requirements**

While complaints drafted by *pro se* litigants "are held to less stringent standards than formal pleadings drafted by lawyers,"*Miller v. Standmore*, 636 F.2d 986, 988 (5th Cir. 1981), "[e]ven a liberally construed *pro se* civil rights complaint . . . must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (internal citation omitted). A *pro se* litigant's failure to comply with this standard, however, does not result in the automatic dismissal of a claim; rather, dismissal is a proper remedy only if the plaintiff has pleaded his best case. *See Hale v. King*, 642 F.3d 492, 503 (5th Cir.2011).[2]

Applying the pleading standards set forth above to the generic claims in the complaint, the Court finds that the allegations are inadequate to provide fair notice of both the actual claims themselves and the grounds upon which they rest. Specifically, the complaint is devoid of factual support – Snow sets forth only the dates that she was employed by CBOCS, as well as that she was wrongfully terminated due to her age by a Joseph Carmen. (*See* Rec. Doc. at p. 1). Moreover, the complaint contains blanket claims "under [all] applicable state and federal law." (Rec. Doc. 1 at p. 3). Such generic or unspecified claims lack in both specificity and factual substance. However, the Court is mindful of Snow's *pro se* status, and it finds unclear whether she has pleaded her best case. For those reasons, the Court is inclined to permit Snow leave to amend the complaint. If she elects to pursue these claims further, any amended complaint must include specific claims, each of which must be supported by enough facts to allow the Court to infer that the claim is plausible. A blanket statement covering all claims under state or federal law will not suffice.

---

[2] If his best case has not been pleaded, but the plaintiff "give[s] no indication of what material facts he would include in an amended complaint," then it is appropriately within the discretion of the trial court to deny leave to amend. *See Kastner v. Lawrence*, 390 Fed. Appx. 311, 317 (5th Cir.2010).

**IV. Conclusion**

For the reasons stated herein, **IT IS ORDERED** that Defendant's Rule 12(b)(6) Motion to Dismiss is **DENIED**. **IT IS FURTHER ORDERED** that, if Plaintiff desires to pursue claims other than those pleaded under the LEDL and ADEA, she must amend her complaint to rectify the deficiencies noted herein. This will be Plaintiff's only opportunity to amend so as to sufficiently plead her claims. This Order is made without prejudice to Defendant's right to file a motion to dismiss upon Plaintiff's amendment of the complaint or the expiration of the time herein afforded to her to do so.

If filed, Plaintiff's amended complaint is to supersede the original complaint in that it should include any and all of the allegations from the original complaint upon which Plaintiff continues to rely, as well as any amended or supplemental allegations. The amended complaint must be filed within twenty-one (21) calendar days from entry of this Order and Reasons.[3]

New Orleans, Louisiana, this 8th day of September, 2015.

            **KURT D. ENGELHARDT**
            **United States District Judge**

---

[3] Although representation by counsel is not required for individual civil litigants, such as Plaintiff, attorneys can provide valuable assistance to persons not educated in the law or familiar with litigation. Accordingly, the Court encourages Plaintiff to attempt to retain counsel in this matter.